**NOT TO BE PUBLISHED**                                        [Docket Entry No. 55]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PAUL C. WILLIAMS, | : | Civil Action No. 08-1210 (RMB) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM ORDER** |
| THOMAS P. SULLIVAN, et al., | : | |
| Defendants. | : | |

This matter comes before the Court upon Plaintiff Paul C. Williams' Motion for Preliminary Injunction and An Extension of Time [Docket Entry No. 55]. For the reasons set forth herein, (a) Plaintiff's Motion for Preliminary Injunction is **denied**, (b) Plaintiff's Motion for an Extension of Time to file a Motion for Reconsideration of the Court's June 30, 2008, Order is **denied**, and (c) Plaintiff's Motion for an Extension of Time relating to the Court's prior discovery Orders is hereby referred to the Honorable Ann Marie Donio, United States Magistrate Judge, for disposition.

By Opinion and Order entered June 30, 2008, this Court dismissed several defendants [Docket Entry No. 6]. The Clerk of the Court forwarded a copy of the Court's Opinion and Order to Plaintiff's address of record. Plaintiff asserts that it was not until August 1, 2008, that he received such copies. Almost two and one-half years later, Plaintiff seeks an extension of time to

file a Motion for Reconsideration. Plaintiff, however, offers no meaningful explanation for the lengthy delay in seeking reconsideration.[1] Nor does he assert any error in this Court's recitation of the controlling facts or law. In short, Plaintiff offers no legitimate reason why he should be permitted to file a motion for reconsideration to this Court's June 30, 2008 Order at this late stage.

Plaintiff also seeks preliminary injunctive relief enjoining the Commissioner of the New Jersey Department of Corrections as well as all defendants to, inter alia, "establish and enforce policies and procedures that ensure Department of Corrections personnel do not subject Plaintiff to any adverse actions in retaliation for speaking about and/or seeking redress of grievances; establish and enforce policies and procedures that

---

[1] "Local Rule 7.1(I) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Agostino v. Quest Diagnostics Inc., Civ. No. 04-4362, 2010 WL 5392688 at *5 (D.N.J. Dec. 22, 2010) (citing Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).

Such motions for reconsideration must be brought within 14 days of the date of the order challenged, although in 2008 the time period was ten days. "A motion filed untimely may be denied for that reason alone." Lite, N.J. Federal Practice Rules, Comment 6(b) to L. Civ. R. 7.1(I) (Gann 2011) (citing In re Laverde, 2010 U.S. Dist. LEXIS 85769 (D.N.J. Aug. 18, 2010) (motion filed ten months after order entered); United States v. Balter, 2010 U.S. Dist. LEXIS 75334 (D.N.J. July 27, 2010) (where motion was filed 17 days after order from which reconsideration was sought was received and 30 days after it was entered, "[t]he Court will therefore deny Petitioner's motion as untimely")......

ensure Plaintiff's personal property is not subject to damage, destruction, loss, and/or theft whenever it is searched, inventoried, transported, and/or otherwise handled by Department of Corrections personnel...." [Docket Entry No. 55, at 1-2]

In order to secure the extraordinary relief of a preliminary injunction, the party seeking the injunction must satisfy the traditional four-factor test: (1) the likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) that granting relief will not result in even greater harm to the party; and (4) that the public interests favors such relief. Child Evangelism Fellowship of New Jersey Inc. v. Stafford Township School District, 386 F.3d 514, 524 (3d Cir. 2004). The failure to establish any element renders the preliminary injunction inappropriate. NutraSweet Company v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999). Here, Plaintiff's allegations are insufficient to justify the issuance of a preliminary injunction.

Plaintiff complains that he has been denied adequate and appropriate meaningful access to the Court. The docket, however, contradicts that assertion. Indeed, this is not the first time that Plaintiff has filed a motion for injunctive relief. See Docket Entry No. 33. The Court denied Plaintiff's earlier request for preliminary injunction, finding that the docket in this case reflected that Plaintiff's motions were being

adequately addressed. See Docket Entry No. 46. Moreover, Plaintiff's complaints that he has not been able to adequately conduct discovery and, thus, needs more time, will be addressed with Judge Donio. Further, his requests that this Court direct the prison officials how to run its institution are without merit.

In conclusion, Plaintiff has failed to articulate irreparable harm and thus cannot satisfy a mandatory requirement for the issuance of a preliminary injunction.

IT IS ON THIS **6th** day of **January 2011**, **ORDERED** that Plaintiff's Motion for Preliminary Injunction be and is hereby **DENIED**; and

IT IS FURTHER **ORDERED** that Plaintiff's Motion for an Extension of Time to File a Motion for Reconsideration of the Court's June 30, 2008 Order be and is hereby **DENIED**; and

IT IS FURTHER **ORDERED** that the Clerk of the Court shall docket Plaintiff's motion as a "Motion to Extend the Deadline to Complete Pretrial Factual Discovery" [See Docket Entry No. 55-1] for disposition by United States Magistrate Judge Ann Marie Donio.

        s/Renée Marie Bumb
        RENÉE MARIE BUMB
        United States District Judge